ON PETITION EOK EEHEAKING-.
Thomson, J.,
delivered the opinion of the court.
We deem it proper to bestow a few words upon the petition for a rehearing filed in this cause. The first reason given why a rehearing should be allowed is as follows: “ The opinion handed down is based upon the idea that the bond in suit was the bond of The Bachelor Transportation Company, as principal, and that appellants are mere sureties for the companjn Whereas, in truth and fact, as shown by the pleadings and the evidence, The Bachelor Transportation Company was only a nominal party — the real parties being the persons signing the indemnifying bond to the appellants.” The bond was given to enable The Bachelor Transportation Company to obtain a writ of injunction against M. Y. B. Wason, receiver of The Wason Toll Road Company. If the appellants were not sureties for that company, the instrument was not a bond, and the appellants were not sureties at all. If the Transportation Company was only a nominal party, or was not itself the real and only party in whose behalf the injunction was granted, the record utterly fails to disclose the fact.
The following is the second reason stated:
“ The opinion assumes that the indemnifying bond was executed at the instance of The Bachelor Transportation Company, or persons acting in its behalf. The pleadings and the evidence show that the Bachelor Company never knew of the bringing of the suit, or the giving of the bond until after its execution, when the indemnifying bond was given by the parties interested in obtaining the injunction.”
*460 Upon the question whether the indemnifying bond was executed at the instance of The Bachelor Transportation Company, we quote the following from the plaintiff’s replication :
“ That, as a condition precedent, and as an indemnity to them for signing said bond, said sureties, the defendants, Thomas and Bryant, required the said Transportation Company and other persons interested to furnish them with an indemnity bond in the sum of two thousand dollars, indemnifying and protecting them against all loss or damage they might sustain by reason of their signing as such sureties; of which indemnity bond, the following is a copy: ”
Here follows a copy of the bond.
Further upon the same question, Edward Higgin, the president of the Transportation Company, and a witness for the plaintiff, testifying concerning the indemnifying bond, said:
“As I remember, the Transportation Company and others were required to furnish a bond. Other people signed it.” Who besides the company were required to furnish the bond the evidence nowhere discloses. In view of the foregoing we feel safe in saying that the statement in the opinion that the bond was executed at the instance of the Transportation Company, that is, that the company procured its execution in response to the demand of Thomas and Bryant, is not an assumption. Furthermore, when it procured the execution of the indemnifying bond it must have known, even if it did not know before, of the bringing of the suit, and the giving of the injunction bond; and by furnishing the indemnifying bond it at least ratified the acts of the party assuming to represent it in bringing the suit, and in subscribing its name to the injunction bond and procuring Thomas and Bryant to sign the bond as sureties.
The remaining objection to the opinion is as follows: “ The opinion assumes that the money of the Transportation Company was actually in hand, and voluntarily surrendered. The evidence shows that a certain amount of money due the *461 Bachelor Company was garnished, and that no proceedings were taken to ascertain the liability of the garnishees ; but that a motion was made to set aside the judgment and vacate such garnishment proceedings, and such motion was about to prevail when the garnishees were released by the acts of the appellee.”
Again we have recourse to the testimony of Mr. Higgin, the Transportation Company’s president:
“ Q. And then were you served with summons in this suit? A. Yes, sir. Mr. Osborn, wasn’t it? A constable employed by Mr. Wason, served me with summons. Q. Then did you notify Mr. Pierce, or some one, to attend to it for you? A. I did, and the county attorneys. Q. And the next thing you knew there was a judgment rendered against you? A. Yes, sir. Q. And an execution out? A. Yes, sir. Q. A judgment for $1,130,1 believe, wasn’t it? A. Yes, sir. Q. Then they levied upon a lot of your property? A. Yes, sir. Q. They secured money coming to you from The New York-Chance Mining Company and The Amethyst Mining Company? A. Yes, some $4,300 they tied up.”
Further on, speaking of the agreement for the vacation of the judgment and the recall of the execution, the same witness testified:
“ Q. Now in pursuance of that stipulation, they released all this attachment and garnishee process against your property ? A. Yes, sir. Q. And you got back your $4,300 ? A. Yes, sir.”
It is an inference from the testimony that the money was secured by garnishment upon the execution, and it may also be inferred that a motion of some kind was interposed by the company, having for its object the relieving of the company from the garnishment. Upon all this tbe evidence is inferential and not direct; but that the motion, whatever it was, was about to prevail, is a pure assumption of counsel.
It is entirely clear that by means of an execution, issued upon a judgment which, so far as the record shows, was valid and enforcible, $4,300 of the company’s money was in some manner levied upon; and it is also clear that in virtue of the *462 stipulation tlie money was released by the plaintiff, and the company permitted to receive it. In respect to the securing of the money by means of the execution, and its subsequent voluntary release to the company by the plaintiff, we see no reason for changing, in any particular, the language of the opinion.
Objection is made in argument to the distinction taken in the opinion between an indemnity upon the principal’s property and an indemnity by bond. The assertion is also made that the subscribers to the indemnifying bond were themselves the real parties in interest, and hence were not sureties within the generally accepted meaning of the term. We can find no evidence in support of the statement. Our knowledge of the facts is, and can be, obtained only from the record; and in so far as its disclosures are concerned, these bondsmen were sureties merely, and as such entitled to all the consideration and protection which the law extends to sureties. Their liability depended upon the liability of Thomas and Bryant, and the liability of the latter was contingent upon the failure of the Transportation Company to pay the costs and damages awarded against it in case of the dissolution of the injunction. Payment by it of these costs and damages would discharge the obligors upon the indemnifying bond, because it would extinguish liability upon the injunction bond; and any act which would operate to relieve the sureties upon the injunction bond from liability would have the same effect on the indemnifying bondsmen. Thomas and Bryant could not, either by collusion with the plaintiff, or by negligently suffering judgment to go against them, deprive their bondsmen of the defense that the plaintiff had by his own voluntary act extinguished his right of action against Thomas and Bryant, and that by the extinguishment of the latter’s liability their liability was also extinguished. The nature of the indemnity taken by Thomas and Bryant was not such as to render them responsible, notwithstanding the release of their principal.
The petition for a rehearing will be denied.

Rehearing denied.